### RAWLS v. RED RIVER LUMBER CO., Inc. et al. *
### No. 4762.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

John B. Files, of Shreveport, for appellants.

Wallace & Hardeman, of Benton, for appellee.

*Rehearing denied March 2, 1934.

DREW, Judge.

Plaintiff sued for $8,050, which amount of damages he alleged was caused him when he was run over by a truck driven by defendant Sam Dorsey and owned by defendant Red River Lumber Company, Inc.

The acts of negligence alleged are set out in the petition as follows:

"1. That the said Sam Dorsey, driver of said truck, failed to keep a proper lookout while driving said truck.

"2. That he failed to keep the said truck under proper control while driving the same.

"3. That he permitted the said truck to swerve suddenly to the left side of the road from the right side, without any warning whatsoever, while your petitioner was occupying the said left side of the road. That he did not have the truck sufficiently under control to keep the same on the right side of the road, or if he did have the same under control, he deliberately, negligently and with a wilful disregard for human life, swerved said truck to the left side of the road, striking your petitioner.

"4. That at the time he was operating the said truck at a rapid rate of speed and in a reckless manner."

He itemized the damages sued for as follows:

For pain and suffering ........... $5,000.00
Permanent disability, pain and
   suffering ....................... 3,000.00
Doctor's bill .................... 50.00

The defendants deny they were guilty of any negligence and affirmatively allege that the truck was being operated at the time of the accident in a cautious, prudent manner on its right side of the highway and that plaintiff was walking on a highway specially constructed for vehicular traffic, without watching or looking for passing vehicles, and, in an effort to cross said highway, he walked into the rear of the trailer attached to said truck. They further deny that plaintiff was seriously injured.

The lower court rendered judgment for plaintiff in the sum of $1,215, and defendants have prosecuted this appeal.

The evidence clearly shows the following facts:

Plaintiff and his wife were engaged in picking cotton on the east side of the highway leading from Benton to Shreveport. They had carried their lunch to the field with them. At 12 o'clock noon, they ceased their work and were preparing to eat lunch. Plaintiff's wife had come out of the field and was seated under a shade tree on the east side of the highway, waiting for her husband to return with a bucket of water, for which he had gone. Plaintiff had gone to the west side of the road and some distance north to get the water.

After filling his pail, he crossed to the east side of the road and was walking south on the highway. He was about two feet from the east edge of the pavement, which was his left side of the pavement. Defendants' truck was likewise proceeding south on this same highway, and, when a short distance before reaching the point where plaintiff was walking, veered his truck to the left or east side of the pavement. The trailer attached to the truck struck plaintiff, knocked him down, and the rear wheel ran over his left foot.

Why defendants' truck left its right side of the road and went to the left, we do not know. The driver either lost control of the truck or was not looking where he was traveling. However, this is immaterial. We think it certain that he left the right side and went to the left. The road was straight and there was no traffic at that point. Plaintiff was in plain view of the truck driver and was walking where it was not necessary for him to keep a lookout for cars coming from his rear, and it was gross negligence for the truck driver not to have seen and avoided hitting him. Had the truck remained on its right side of the road, the accident would never have occurred. The defendants are liable for the damage to plaintiff.

Plaintiff is a negro farm hand between 60 and 65 years of age, and, prior to the accident, was physically able to earn a living for himself and wife. The record discloses that he was an average farm hand, capable of doing any and all work required on a farm. Since the accident, he has not been able to perform such work as plowing, or other heavy work. He can do some cotton chopping and can pick some cotton. His left foot is turned to one side, causing him to walk on the side of his foot at all times. He suffered a great deal with his foot and was still suffering at the time of trial. The X-ray made of the foot by a radiologist discloses the following:

"Radiologic examination of the left foot in the anteroposterior position shows a bone atrophy of the tarsal bones. The cuboid and cuniform bones show a deformity and an apparent fusion, there being an absence of any space separation between them and also the articular head of the 5th, 4th and 3rd metatarsal bones, cartilage being apparently destroyed.

"Examinations were made in other positions without visualizing evidence of any cartilage between these bones.

"Conclusions: Evidence of destruction of some of the cartilages of the left tarsus with compression fracture of the cuboid and 3rd cuniform bones with fusion of these bones and the articular surfaces of 5th, 4th and 3rd metatarsal bones.

"The residual feature of this lesion would be permanent impairment of the normal weight-bearing function of the left foot."

The lower court awarded plaintiff $1,200 for pain, suffering, and disability caused by the accident, and $15 for medical bills. Plaintiff has answered the appeal praying that the amount be increased, relying chiefly on a decision of this court in the case of Pierce v. Leonard Truck Lines, 18 La. App. 448, 138 So. 199, where we awarded a negro farmer $3,000 for a somewhat similar injury. The difference in that case and this one is principally due to the difference in the condition of health of the two plaintiffs at the time of the injuries, as well as the earning capacity of each of them. While we do not think the award in this case is excessive, we think it does substantial justice to all parties concerned.

It therefore follows that the judgment of the lower court is correct and is affirmed, with all costs.